## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**WHITNEY ELLSWORTH**           **CIVIL ACTION**

**VERSUS**                        **NO:**

**WINN-DIXIE STORES, INC.**       **SECTION:**

### COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff Whitney Ellsworth, through undersigned counsel, and files this Complaint. He is seeking full and complete relief and to redress the illegal acts described herein.

## I.     PRELIMINARY STATEMENT

**1.** This action for age discrimination is against his employer, Winn-Dixie Stores, Inc. For more that thirty-nine years and for all times relevant to this lawsuit, Plaintiff Whitney Ellsworth worked for Winn-Dixie Stores, Inc.  He seeks all sums which are justly and truly indebted to him as are reasonable under the premises, compensatory damages, attorney's fees, costs of these proceedings, legal interest from the date of demand until paid, and all such other relief to which Plaintiff is entitled at law or in equity.

## II. JURISDICTION

2. This action is brought pursuant to Age Discrimination in Employment Act (ADEA) and Louisiana's anti-discrimination laws, La. R.S. 23:301, et seq.

3. Jurisdiction is invoked over the federal claims pursuant to 28 U.S.C. § 1331. The Plaintiff filed this lawsuit within 90 days of her receipt of the right-to-sue letter from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f).  The state law claim is invoked under the doctrine of supplement jurisdiction.

**III. VENUE**

4.      This action properly lies in the Eastern District of Louisiana because the claims arose

while Plaintiff was employed in Orleans Parish.

**IV. PARTIES**

5.      Plaintiff Whitney Ellsworth, (hereafter referred to as "Plaintiff" or "Ellsworth") is a

resident of the state of Louisiana. Plaintiff was an employee of the Winn-Dixie Stores,

Inc. from the summer of 1973, until his employment was involuntarily terminated on

January 21, 2013.

6.      Defendant Winn-Dixie Stores, Inc. (hereafter referred to as "Winn-Dixie"), operates

grocery stores in the state of Louisiana and employs more than 500 employees. Winn-

Dixie was Plaintiff's "employer" within the meaning and intent of federal and state anti-

discrimination laws.

7.      Winn-Dixie is a subsidiary of Opal Holdings, LLC, which is a subsidiary of BI-LO, LLC,

which is a subsidiary of the parent BI-LO Holdings, LLC.

**V. FACTS**

8.      Plaintiff's career started in the summer 1973 at Winn Dixie Supermarket. He was a (DECA)

student in High school. Mr. Federico hired him at Winn-Dixie as a part time worker to retrieve

buggies out of the parking lot, to do light cleaning and to assist customers with their groceries.

9.      Shortly after completing high school, Plaintiff was hired on as a full time grocery stocker. As the

years went on he quickly progressed and was promoted. His various jobs during this period

included working in produce, dairy, frozen foods, and working as a pricing manager, customer

service manager, and assistant store manager. Plaintiff's last position was working as a Co-

Manager.

2

10.    Plaintiff enjoyed a stellar record of employment until Bi-Lo LLC acquired Winn-Dixie Stores, Inc. in March 2012. In approximately nine months under new Bi-Lo Winn-Dixie CEO Randall Onstead, Winn-Dixie terminated Plaintiff, a thirty nine year employee.

11.    Plaintiff's duties as a store Co Manger included training new department managers.

12.    For the last 10 years of Plaintiff's employment with Winn-Dixie, was Co-Manager at store #1408, 4600 Chef Menteur HWY, New Orleans La 70126.

13.    On January 21, 2013, human resources associate Mendi Savoy and Security officer Nelson Fischer informed Plaintiff that he was terminated for not following company procedures and telling a cashier to assist a person over the phone without questioning the procedure.

14.    This reason given by the company for Plaintiff's termination is false and a pretext for age discrimination.

15.    On the 8th of January 2013, Plaintiff was the Manager on duty, working on the back aisle when he was paged over the loud speaker to receive a phone call. He spoke with a female that stated that she was from corporate and that she wanted to speak with an experienced cashier to do a procedure on the front end.  Plaintiff called Cashier Wende Richard to the phone and told her there is was a lady requesting to speak with an experienced cashier to perform a procedure on the front end.

16.    It was not until January 10th 2013,  that a co-worker found a bag under the customer service counter containing the 12 Net spend cards that Ms. Richard had loaded up by putting money on the cards over the phone.

17.    Ms. Richard had successfully completed the ANTI MONEY laundering training, along with all of the employees that worked the front end prior to 1/8/2013.

18.    Ms. Richard performed a fraudulent transaction. She did not get approval from the store manager on duty to do what she did. Ms. Richard also violated company policy by performing a live transaction over the telephone. Ms. Richard violated company policy by overriding her own

transaction by using a co-worker's supervisor's password (12) times.  Ms. Richard did not one

time call a supervisor to inform him of the type of transaction she was doing. If Ms. Richard had

contacted Plaintiff to approve this transaction, he would not have done so. Ms. Richard performed

the transactions.  Apparently she tried to void some of them but had gotten frustrated and threw

the cards and receipt into a bag, placed the bag under counter and hurried out of the store.

19.     Plaintiff was not aware of what Ms. Richard had done and noone informed him of what she had

        done.

20.     Plaintiff did not violate any company policies.

21.     Winn-Dixie did not follow company policy or procedure while investigating this incident.

22.     Plaintiff did not violate any company policy and should not have been disciplined in any manner

        for this incident, and especially should not have been terminated for this incident.

23.     The company violated company policy by not using progressive discipline if it thought

        that Plaintiff has violated a company policy.

24.     Plaintiff was replaced by an employee approximately 20 years younger than Plaintiff.

25.     At the time of his termination, Plaintiff was 58 years of age.

26.     Plaintiff's termination was because of his age and constitutes age discrimination.

27.     Plaintiff's age was the "but-for" cause, but not necessarily the sole cause, of his

        termination.

28.     Plaintiff's age was a determinative influence on the decision to terminate his

        employment.

29.     In the alternative, Plaintiff pleads this case as a mixed motive case. If the employer has

        more than one motive for Plaintiff's termination, Plaintiff's age was one of the factors in

the employer's decision. The age factor was a determinative factor in the decision to terminate Plaintiff.

30.     Plaintiff experienced illegal age discrimination in the form of disparate treatment by being terminated for an incident at the workplace for which younger employees are not disciplined.

31.     No other manager with Plaintiff's position and work experience has been terminated because his or her subordinate violated a company policy.

32.      At all times relevant to this case, the company had a policy of forcing out older workers and replacing them with younger employees.

33.     Defendant's illegal acts were done willfully and with reckless disregard of Plaintiff's rights under federal law, and thus is liable unto Plaintiff for liquidated damages pursuant to the ADEA.

34.     Plaintiff filed a Charge of Discrimination with the EEOC on July 17, 2013.

35.     As a direct result of the above acts of Defendant, Plaintiff has sustained damages which include, but are not limited to, emotional distress, mental anguish, loss of reputation, embarrassment, humiliation, lost wages and benefits, past and future medical expenses, and all such other damages as will be more fully shown at trial of this matter.

**VI. CAUSES OF ACTION**

36.     By the above acts of age discrimination, the Defendant has violated the ADEA and the Louisiana anti-discrimination laws, La. R. S. 23:301 et seq. and Defendant is liable unto Plaintiff therefor.

**VII. PRAYER FOR RELIEF**

37.     **WHEREFORE**, Plaintiff prays that this Court:

5

a.  Award Plaintiff all earnings he did not receive because of Defendant's unlawful acts, including but not limited to back pay, pre-judgment interest, bonuses, pension, and any other lost benefits;

b.  Award Plaintiff compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation;

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff costs, expert witness fees, and attorney's fees;

e.  Grant Plaintiff any such relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Victor R. Farrugia
VICTOR R. FARRUGIA (#19324) T.A.
Farrugia Law Firm, LLC
2010 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 525-0250
vrfarrugia@igc.org

Please Serve:
Winn-Dixie Stores, Inc.
Through the agent for service of process of
its subsidiary Winn-Dixie Montgomery, LLC

CSC of St. Tammany Parish, Inc.
215 St. Ann Drive, Suite 2
Mandeville, La 70471-3394

6